STATE OF NORTH CAROLINA v. KEVIN JEROME BURCH

No. 7427SC924

(Filed 5 February 1975)

1. **Burglary and Unlawful Breakings § 5— break-in of store — apprehension of defendant at crime scene — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for felonious breaking and entering where it tended to show that officers observed two or three people approach the rear of a store, the subjects hit the window part of the door, moved a barrel to the door, pried in the area of the top portion of the door, and removed several boxes from the store, and officers moved in and arrested defendant.

2. **Criminal Law § 9— aider and abettor — instructions proper**

   In a prosecution for felonious breaking and entering, the trial court properly instructed that if defendant was merely in close proximity to the scene of the crime and just happened to be there, then this would not be sufficient to convict him of being an aider and abettor but that the jury must find actual participation.

APPEAL by defendant from *Tillery, Judge,* 22 July 1974 Session of Superior Court held in GASTON County. Heard in the Court of Appeals on 21 January 1975.

Defendant was tried on a bill of indictment charging him with felonious breaking and entering of a building occupied by Paul Shook, doing business as Shook's Clothing Store, a sole proprietorship. Upon the defendant's plea of not guilty, the State offered evidence tending to show that on 9 February 1974 Paul Shook operated a clothing store at 105 South Main Street in Stanly, North Carolina, and that he closed his business around 5:30 o'clock p.m., secured the building and left. Police officers and SBI agents took up surveillance observing the rear of the store at 8:05 o'clock p.m. Around 8:15 o'clock p.m. one of the officers saw either two or three people approach the back of the store. They observed them picking up what appeared to be wooden objects and hitting the window part of the door. They observed both subjects move a barrel to the area of the door, get up on the barrel, and use objects to pry in the area of the top portion of the door. One subject reached inside and removed several boxes. After observing the subjects for 30 to 45 minutes, the officers moved in and arrested the defendant. The other subject ran.

The defendant offered evidence tending to show that he was in the home of Mary Love Dixon on the night in question

and left during the TV program "MASH" or around 8:30 o'clock. He walked from Mary Love Dixon's home to the vicinity of Shook's Store, it being his intention to go to a restaurant called the "Golden Skillet" to meet a friend of his that worked at said restaurant. As defendant walked down Main Street, he looked into an alley next to Shook's Store and saw two men. He thought he recognized them and started back to see if they were the people he knew when both men ran. Almost immediately thereafter, Officer Furr came up and put defendant in custody.

In rebuttal, the State offered evidence tending to show that Officer Handsel took his position at 8:05 p.m.; that he had a good view of Main Street, the front of the building, and the south side; and that the first time he saw defendant was when defendant came out of the alleyway in custody of Officer Furr.

From a verdict of guilty of felonious breaking or entering and judgment pronounced thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris and Assistant Attorney General Thomas B. Wood, for the State.*

*Ramseur & Gingles, by Ralph C. Gingles, Jr., for defendant appellant.*

MARTIN, Judge.

"Upon a motion for judgment as of nonsuit in a criminal action, the evidence must be considered by the court in the light most favorable to the State, all contradictions and discrepancies therein must be resolved in its favor and it must be given the benefit of every reasonable inference to be drawn from the evidence. [Citations omitted.] All of the evidence actually admitted, whether competent or incompetent, including that offered by the defendant, if any, which is favorable to the State, must be taken into account and so considered by the court in ruling upon the motion." *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679 (1967).

[1] Applying these principles to the evidence in the present case, we conclude that the court properly denied the motion for nonsuit. The State having introduced substantial evidence of each element of the offense of breaking or entering the building as charged in the indictment and that defendant was one of

the persons who committed the offense, the question of his guilt or innocence was therefore properly submitted to the jury.

[2]   In his only other assignment of error defendant contends there is prejudicial error in the charge of the court in respect to the law relating to aiding and abetting. This contention is without merit. Defendant pleaded an alibi and claimed that he just happened upon the scene of the crime during its commission. The court instructed the jury that if defendant was merely in close proximity to the scene of the crime and just happened to be there then this would not be sufficient to convict him of being an aider and abettor but that they must find actual participation. In this matter we find no error.

The defendant was afforded a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.